**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**WAYCROSS DIVISION**

JAMES ALLEN BROWN,

       Plaintiff,

      v.

COFFEE COUNTY CORRECTIONAL
FACILITY, et al.,

       Defendants.

CIVIL ACTION NO.: 5:21-cv-7

**ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff filed this action, asserting claims under 42 U.S.C. § 1983.  Doc. 1.  This matter is before the Court for a frivolity screening under 28 U.S.C. § 1915A.  For the reasons stated below, I **RECOMMEND** the Court **DISMISS** Plaintiff's claims against Defendants Coffee County Correctional Facility, Valdosta Transitional Center, Smith Transitional Center, and Coffee Regional Medical Hospital and Plaintiff's official capacity monetary damages claim against Defendant Grievance Coordinator.  However, I **FIND** Plaintiff's First Amendment retaliation claim and Eighth Amendment deliberate indifference to a serious medical need claim against Defendant Grievance Coordinator may proceed.

Ordinarily, the Court would order service of the surviving claims.  However, Plaintiff fails to provide any information about this particular Defendant Grievance Coordinator.  Thus, attempts at service at this stage would almost certainly be futile.  Therefore, I **ORDER** Plaintiff to provide any information he has pertaining to Defendant Grievance Coordinator's identity within 21 days of this Order.  The Court will evaluate the propriety of service once Plaintiff has provided additional information.

**PLAINTIFF'S CLAIMS**[1]

Plaintiff is currently incarcerated at Coffee County Correctional Facility.  Doc. 1.

Plaintiff brings this action, asserting claims under § 1983 regarding events that occurred while he

was incarcerated at Coffee County Correctional Facility and Smith Transitional Center and

Valdosta Transitional Center.  Id.  Plaintiff lists a number of constitutional violations but

provides little to no details on most of the purported violations.  Id. at 3.

Plaintiff alleges he was assaulted by other inmates on September 7, 2020, and as a result

he was sent to Defendant Coffee County Regional Medical Center for treatment.  Id. at 4.  At

Defendant Medical Center, he received treatment but never received the medications which he

was prescribed.  Id. at 5.

Plaintiff also complains of the living conditions at Defendant Coffee County Correctional

Facility.  Plaintiff explains his dormmates were treated for a staph infection, but he was never

provided treatment.  Id. at 4.  Plaintiff also describes other symptoms such as bumps, boils, and

rejecting fluids.  Id. at 5.  Plaintiff submitted health request forms to no avail.  Id. at 4.  Finally,

Plaintiff alleges when he filed his grievances related to the lack of medical care, he was sent back

from Defendant Valdosta Transitional Center to Defendant Coffee County Correctional Facility.

Plaintiff sues all Defendants except for Defendant Coffee Regional Medical Hospital in

their official and individual capacities and seeks monetary relief for the alleged violations of his

constitutional rights.  Id. at 2–3, 5.

---

[1]     All allegations set forth here are taken from Plaintiff's Second Amended Complaint.  Doc. 1.
During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted
as true."  Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

**STANDARD OF REVIEW**

A federal court is required to conduct an initial screening of all complaints filed by

prisoners and plaintiffs proceeding *in forma pauperis*.  28 U.S.C. §§ 1915A(a), 1915(a).  During

the initial screening, the court must identify any cognizable claims in the complaint.  28 U.S.C.

§ 1915A(b).  Additionally, the court must dismiss the complaint (or any portion of the

complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or

which seeks monetary relief from a defendant who is immune from such relief.  Id.  The

pleadings of unrepresented parties are held to a less stringent standard than those drafted by

attorneys and, therefore, must be liberally construed.  Haines v. Kerner, 404 U.S. 519, 520

(1972).  However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural

rules.  McNeil v. United States, 508 U.S. 106, 113 (1993).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law

or fact."  Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251

F.3d 1346, 1349 (11th Cir. 2001)).  In order to state a claim upon which relief may be granted, a

complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that

is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v.

Twombly, 550 U.S. 544, 570 (2007)).  To state a claim, a complaint must contain "more than

labels and conclusions, and a formulaic recitation of the elements of a cause of action will not"

suffice.  Twombly, 550 U.S. at 555.

**DISCUSSION**

I.      **Claim Against Entity Defendants**

Plaintiff names Coffee County Correctional Facility, Valdosta Transitional Center, Smith

Transitional Center, and Coffee Regional Medical Hospital as Defendants, which are all entities.

Doc. 1 at 2–3.

3

In order to state a claim for relief under § 1983, a plaintiff must allege "a person acting under color of state law" committed the act or omission in dispute.  Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995).  While local governments qualify as "persons" under § 1983, state agencies, penal institutions, and private corporations which contract with states to operate penal institutions are generally not considered legal entities subject to suit.  Thomas v. Illinois, 697 F.3d 612, 613 (7th Cir. 2012) (holding the Eleventh Amendment bars § 1983 suits against state agencies) (citing Will v. Mich. Dep't of State Police, 491 U.S. 58, 66–70 (1989)); Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992) ("Sheriff's departments and police departments are not usually considered legal entities subject to suit . . . .") (citations omitted); Lawal v. Fowler, 196 F. App'x 765, 768 (11th Cir. 2006) (analyzing Georgia law and concluding the same); Williams v. Chatham Cnty. Sherriff's Complex, Case No. 4:07-cv-68, 2007 WL 2345243 (S.D. Ga. August 14, 2007) ("The county jail, however, has no independent legal identity and therefore is not an entity that is subject to suit under Section 1983.") (citations omitted).  Because Coffee County Correctional Facility, Valdosta Transitional Center, and Smith Transitional Center are penal institutions, they are not a "person" subject to suit under § 1983. Hale, 50 F.3d at 1582.

Similarly, Defendant Coffee Regional Medical Hospital is not a person subject to suit under § 1983.  A private party may only be deemed a state actor for § 1983 purposes if it (1) performed a public function; (2) was coerced or encouraged by the government; or (3) was interdependent with the government and participated in a joint action.  Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992).  Defendant here appears to be a non-profit hospital operated by a private corporation and not a proper defendant under § 1983.  See Watson v. Mem. Health Univ. Med. Ctr., No. CV406-204, 2006 WL 3408216, at *1 n.1 (S.D. Ga. Sept. 18, 2006)

(suggesting a § 1983 claim against defendant Memorial Health Medical Center was "legally insufficient" when plaintiff failed to allege it acted under color of state law or in concert with any state official); Hyde v. Bowman, No. CV419-091, 2020 WL 6566181, at *1 (S.D. Ga. Nov. 9, 2020) (dismissing a § 1983 claim against a Savannah hospital).  Here, Plaintiff does not allege Defendant Coffee Regional Medical Hospital is affiliated with the state or meets the otherwise high threshold for a private party to be held liable under § 1983.  Accordingly, to the extent Plaintiff seeks to proceed under § 1983 against Defendant Coffee Regional Medical Hospital, his claims should be dismissed.  Hyde, 2020 WL 6566181, at *1.

For these reasons, I **RECOMMEND** the Court **DISMISS** all claims against Defendants Coffee County Correctional Facility, Valdosta Transitional Center, Smith Transitional Center, and Coffee County Regional Medical Hospital.

## II.    Official Capacity Claims

After recommending dismissal of Defendants Coffee County Correctional Facility, Valdosta Transitional Center, Smith Transitional Center, and Coffee County Regional Medical Hospital, the only remaining Defendant is Defendant Grievance Coordinator.  Plaintiff is suing Defendant Grievance Coordinator in both his individual and official capacities.  Doc. 1.  Plaintiff, however, cannot sustain a § 1983 claim for monetary damages against Defendant in his official capacity.  States are immune from private suits pursuant to the Eleventh Amendment and traditional principles of state sovereignty.  Alden v. Maine, 527 U.S. 706, 712–13 (1999).  Section 1983 does not abrogate the well-established immunities of a state from suit without its consent.  Will v. Mich. Dep't of State Police, 491 U.S. 58, 67 (1989).  Because a lawsuit against a state agency or a state officer in their official capacity is "no different from a suit against the [s]tate itself," such defendants are immune from suit under § 1983.  Id. at 71.

5

Here, the State of Georgia would be the real party in interest in a suit against Defendant Grievance Coordinator in his official capacity.  The Eleventh Amendment immunizes Defendant from suit for monetary damages in his official capacity.  Absent a waiver of that immunity, Plaintiff cannot sustain any constitutional claims against Defendant in his official capacity for monetary relief.  Accordingly, I **RECOMMEND** the Court **DISMISS** all claims for monetary damages against Defendant Grievance Coordinator in his official capacity under § 1983.

## CONCLUSION

For the reasons set forth above, I **RECOMMEND** the Court **DISMISS** Plaintiff's claims against Defendants Coffee County Correctional Facility, Valdosta Transitional Center, Smith Transitional Center, and Coffee Regional Medical Hospital and Plaintiff's official capacity monetary damages claim against Defendant Grievance Coordinator.  However, I **FIND** Plaintiff's First Amendment retaliation claim and Eighth Amendment deliberate indifference to a serious medical need claim against Defendant Grievance Coordinator may proceed.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date.  Objections shall be specific and in writing.  Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included.  Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

6

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 9th day of August, 2021.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA